**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JONATHAN J. CALDERWOOD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MATTHEW J. PLATKIN, et al.,**<br><br>**Defendants.** | **Civil Action No. 24-8948 (MCA) (AME)**<br><br>**MEMORANDUM & ORDER** |

Plaintiff Jonathan J. Calderwood ("Plaintiff"), a convicted prisoner currently confined at South Woods State Prison, has filed a *pro se* Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) The Court initially administratively terminated the case without filing the complaint pursuant to 28 U.S.C. § 1915 because Plaintiff did not file an *in forma pauperis* application or pay the required filing fee. (ECF No. 3.) Plaintiff has since paid the filing fee in full, and the case was subsequently reopened.

The Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), requires this Court to "review, before docketing . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A.

The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Whether a complaint fails to state a claim under § 1915(A)(b) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Courteau v. United States*, 287 F.

App'x 159, 162 (3d Cir. 2008), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). At the pleading stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

Plaintiff filed the Complaint against two prosecutors he alleges were directly involved in his criminal prosecution, Bryna Batton ("Batton") and Kylie Finlay ("Finlay"), as well as Cape May County Prosecutor Jeffrey Sutherland ("Sutherland") and New Jersey Attorney General Matthew J. Platkin ("Platkin"). (ECF No. 1, Complaint at 2–3.) The Complaint alleges a delay in his arraignment exceeding 90 days post-indictment and a subsequent delay in proceedings related to a discovery request. (*Id.* at 13–14.) Specifically, Plaintiff alleges that arraignment hearings on an unspecified day in August 2022, November 18, 2022, and an unspecified day in December 2022 were postponed "without notice or reason." (*Id.*) According to the Complaint, Defendant Finlay was the prosecutor present at the August 2022 hearing, but at some point before February 18, 2023, Defendant Batton was the prosecutor assigned to his case. (*Id.*)

Plaintiff alleges his attorney requested certain discovery at hearings on February 18, 2023, and two unspecified days in March 2023 and April 2023. (*Id.* at 13.) No discovery was provided at the March 2023 hearing, at which Finlay was standing in for Batton without knowledge of the discovery request, resulting in further delay. Although the Complaint is unclear as to the precise order of events, Plaintiff notes that at least one motion for excludable time was granted during this period. (*Id.*)

Plaintiff's Complaint also alleges he was denied the right to testify on his own behalf, present witnesses, and cross-examine the victim.[1] (*Id.* at 14.) Further, Plaintiff alleges that, at a hearing on February 29, 2024, Batton stated that she did not want to honor Plaintiff's plea agreement. (*Id.* at 4.) The Complaint does not say whether there were any repercussions related to this statement, only that the court permitted the hearing to proceed. (*Id.*)

Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003). Plaintiff seeks relief in the form of "justice" and "restitution." (Complaint at 5.) The Court construes Plaintiff to be asking for damages.

As Plaintiff has sued Defendants in their official capacities, all claims are barred by the Eleventh Amendment. Under the Eleventh Amendment, states and state agencies are immune from suits brought in federal court. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). This protection encompasses individual state employees sued in their official capacity "because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Id.* at 254 (citation omitted). The Third Circuit has held that an official-capacity suit against a county prosecutor performing law enforcement and prosecutorial functions amounts to a suit against the state. *See Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009).

Notably, pursuant to this analysis, prosecutors, including Attorneys General, acting as state officials "are not 'persons' amenable to suit under § 1983." *Richardson v. New Jersey*, 2019 WL

---

[1] Plaintiff refers to certain rights granted by "New Jersey court rules." (Complaint at 14.) The Court notes that allegations of violations of state law do not give rise to claims under § 1983. *See Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992). Instead, the Court considers only whether the Plaintiff's allegations may constitute cognizable claims under federal law suitable for § 1983.

6130870, at *4 (D.N.J. Nov. 18, 2019) (citing *Michaels v. New Jersey*, 968 F. Supp. 230, 236 (D.N.J. 1997), *aff'd*, 150 F.3d 257 (3d Cir. 1998); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–65 (1989) (interpreting the phrase "every person" in § 1983 to exclude liability for state officials sued in their official capacity); *see also Brown v. Twp. of Berlin Police Dep't*, 2008 WL 5100461, at *2 (D.N.J. Nov. 25, 2008) (dismissing suit against Attorney General because she was not subject to § 1983 liability in her official capacity).

Plaintiff's claims against Defendants in their official capacities are therefore dismissed with prejudice.

Because Plaintiff is proceeding *pro se*, the Court will construe the complaint liberally and consider whether Plaintiff states a claim against Defendants in their individual capacities.

A prosecuting attorney who acts within the scope of his or her duties in pursuing a criminal prosecution is immune to suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410, 430–31 (1976) ("[I]n initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983" and actions relating to the initiation and prosecution of a criminal matter); *Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (*per curiam*); *Louis v. New Jersey*, 2023 WL 4074098, at *5 (D.N.J. June 16, 2023). Absolute prosecutorial immunity exists where the prosecutor "was functioning as the state's advocate when performing the action(s) in question" and "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Odd v. Malone*, 538 F.3d 202, 208 (3d. Cir. 2008) (citation omitted). It has been applied to allegations of a prosecutor acting in bad faith, suppressing evidence and soliciting false testimony. *See Imbler*, 424 U.S. at 430–32. However, absolute immunity does not extend to prosecutors performing administrative or

investigative functions, or to acts which are so egregious that they "fall wholly outside the prosecutorial role." *Odd*, 538 F.3d at 208, 211; *see also Ernst v. Child and Youth Servs. of Chester Cnty.*, 108 F.3d 486, 502 (3d. Cir. 1997) (immunity is denied for acts which "a reasonable prosecutor would recognize as being 'clearly outside his jurisdiction' to represent the state before the court" (quoting *Bauers v. Heisel*, 361 F.2d 581, 591 (3d Cir. 1966))).

Plaintiff asserts that Defendants deprived him of his Sixth Amendment right to a speedy trial. (Complaint at 3.) Motions for continuance and other causes of delay are within the scope of a prosecutor's role in pursuing a criminal prosecution, *Bauers*, 361 F.2d at 591, and delays—including those related to postponed hearings—have repeatedly been determined to be protected by absolute immunity. *See, e.g.*, *Santos v. New Jersey*, 393 F. App'x 893, 894 (3d Cir. 2010) (*per curiam*); *Psota v. Pub. Def.'s Off.*, 2019 WL 6487310, at *3 (D.N.J. Dec. 3, 2019); *Roman v. Tyner*, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021). Immunity applies regardless of whether the reason for the delay was administrative or judicial. *See Santos*, 393 F. App'x at 894. As Plaintiff alleges Defendants Finlay and Batton were responsible for postponing the hearings identified in the Complaint, (Complaint at 13–14), the Court will dismiss with prejudice the speedy trial claim against Finlay and Batton on the basis of prosecutorial immunity.

Plaintiff also asserts that Defendants violated his rights related to a plea agreement, to testify on his own behalf, present witnesses, and cross-examine the victim. (Complaint at 4, 14.) Actions related to court testimony, examining witnesses, and plea deals are "intimately associated with the judicial phases of litigation." *Odd*, 538 F.3d at 208; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Without allegations that the actions of Defendants Finlay and Batton were so egregious and "clearly outside

[their] jurisdiction," *Ernst*, 108 F.3d at 502, these claims are likely barred by prosecutorial immunity. *See Simonton v. Ryland-Tanner*, 2019 WL 8301639, at *3–4 (M.D. Pa. Dec. 11, 2019) (dismissing § 1983 claims alleging defendant violated due process rights by presenting false evidence at trial because defendant was entitled to prosecutorial immunity), *R. & R. adopted*, 2020 WL 1446727 (M.D. Pa. Mar. 25, 2020), *aff'd*, 836 F. App'x 81 (3d Cir. 2020).

However, because Plaintiff did not plead with sufficient facts to support these allegations, the Court will dismiss without prejudice the claims related to testimony, cross-examination, and the plea deal for failure to state a claim. Plaintiff's allegations are provided in conclusory statements without descriptions of the actions taken by Defendants that led to the purported violations, only stating that his rights were "not granted." (Complaint at 14.) Nor does Plaintiff specify which defendant violated his rights related to cross-examination. *See Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing the complaint because it "fail[ed] to separate out the liability for each defendant"); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."). To the extent these rights belonged to Plaintiff at any point during his proceedings, the barebones allegations fail to meet the standard under *Iqbal*. 556 U.S. at 678.

The Court also dismisses without prejudice all claims against Defendants Platkin and Sutherland in their individual capacities for failure to state a claim. Even accepting all the allegations as true, Platkin's and Sutherland's only apparent connections to the Complaint are their respective roles of Attorney General of New Jersey and County Prosecutor of Cape May, New Jersey. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable' and 'cannot be held responsible for a constitutional violation which he or she neither

participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations omitted); *see also Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012) ("The claims against former Attorney General Corbett in his individual capacity fail because [the plaintiff] failed to allege any personal involvement in the purported violation of his rights."). Plaintiff fails to allege any personal involvement of Defendants Platkin and Sutherland in the Complaint, and therefore all claims against Platkin and Sutherland must be dismissed.

**IT IS, THEREFORE**, on this 11th day of August 2026,

**ORDERED** that, pursuant to the Court's screening authority under § 1915A, the Complaint shall be dismissed as follows:

1. Plaintiff's claims against Defendants in their official capacities are dismissed WITH PREJUDICE on the basis of sovereign immunity;
2. Plaintiff's claims against Defendants Finlay and Batton in their individual capacities in connection with Plaintiff's Sixth Amendment right to a speedy trial are dismissed WITH PREJUDICE on the basis of prosecutorial immunity;
3. Plaintiff's claims against Defendants Finlay and Batton in their individual capacities in connection with Plaintiff's plea agreement and his rights to testify, present witnesses, and cross-examine are dismissed WITHOUT PREJUDICE for failure to state a claim under 28 U.S.C. § 1915A(b);
4. Plaintiff's claims against Defendants Platkin and Sutherland in their individual capacities are dismissed WITHOUT PREJUDICE for failure to state a claim under 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days that attempts to cure the deficiencies in his claims against Defendants Finlay and Batton in their individual

capacities in connection with his plea agreement and his rights to testify, present witnesses, and cross-examine, and all claims against Defendants Platkin and Sutherland in their individual capacities; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes until Plaintiff submits an Amended Complaint; and it is further

**ORDERED** that if Plaintiff does not submit an Amended Complaint within 30 days, this dismissal will automatically convert to a dismissal with prejudice of all claims; and it is further

**ORDERED** that the Clerk of the Court shall send copies of this Memorandum & Order to Plaintiff at the address on file via regular mail.



Madeline Cox Arleo, District Judge
United States District Court